FILED
2026 Oct-19 AM 11:57
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

ANGELA KALMAN, )
)
Plaintiff )
)
v. ) CASE NO.
)
PRESTON GREEN, )
)
Defendant. )

**COMPLAINT**

Plaintiff complains of defendant, stating as follows:

**Nature of the Action**

1. This is a civil action brought by plaintiff Angela Kalman against a Limestone County, Alabama deputy. Acting without probable cause or reasonable suspicion, and in retaliation for plaintiff's protected speech, the defendant pulled plaintiff over, subjected her to field sobriety tests (that she passed), and arrested her. Defendant falsely charged plaintiff with DUI (controlled substance).

**Jurisdiction and Venue**

2. This action arises under the First and Fourth Amendments to the United States Constitution and 42 U.S.C. § 1983. The Court has jurisdiction of this matter pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3).

3. This judicial district and division are the appropriate venue under 28

U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to this suit occurred in Limestone County, Alabama, which lies within the Northeastern Division of the Northern District of Alabama.

**Parties**

4. Plaintiff Angela Kalman is of legal age and a citizen and resident of the State of Alabama.

5. Defendant Preston Green was, at all relevant times, a deputy employed by the Limestone County, Alabama Sheriff's Office.

6. The defendant is sued in his individual capacity only.

**Facts**

7. On September 26, 2025, plaintiff called the police because a neighbor shot her dog.

8. Green responded.

9. Green laughed at plaintiff and showed no sympathy for plaintiff or her dying dog.

10. Upset at how Green was treating her, plaintiff said something like, "Okay, Barney Fife, you can leave now and get yourself a donut."

11. A few days later, on October 1, 2025, in retaliation for plaintiff's statements to him, defendant pulled plaintiff over while she was driving to work.

12. Before pulling plaintiff over, defendant followed plaintiff for several miles.

13. In the preceding days, Green had been conducting surveillance on plaintiff, looking for an excuse to stop and arrest her.

14. Plaintiff saw Green near her home on two occasions (September 27 and September 30).

15. Defendant did not have probable cause or reasonable suspicion to conduct the traffic stop.

16. Defendant approached the car.

17. Defendant asked if plaintiff had been drinking.

18. Plaintiff said, "Yes, water and [Liquid] IV," and showed defendant her water bottle.

19. After plaintiff asked twice, defendant admitted that he was the same officer she had called "Barney Fife."

20. Defendant requested plaintiff's license, which she provided.

21. Defendant then asked plaintiff to get out of the car.

22. Plaintiff requested to blow into a breathalyser or to be swabbed because she needed to get to her school bus.

23. Defendant claimed those were not options and asked plaintiff to get out

so he could perform sobriety tests.

24. Plaintiff asked defendant to get someone to witness the sobriety tests.

25. Defendant refused.

26. Defendant first did a test in which he made plaintiff look at his finger.

27. Defendant admits in his arrest report that plaintiff passed this test but wrote, falsely, that plaintiff's eyes were "extremely bloodshot."

28. Defendant then had plaintiff walk a line and stand on one foot.

29. Plaintiff walked a straight line and stood on one foot for an extended period of time without issues.

30. Even though plaintiff passed these sobriety tests, defendant falsely claimed that she didn't and arrested plaintiff.

31. Defendant had plaintiff do field sobriety tests on the side of the road.

32. Defendant did not have probable cause or reasonable suspicion to justify the field sobriety tests.

33. In any event, despite having an inner ear infection, plaintiff passed all of the tests.

34. Defendant falsely claimed plaintiff failed the tests.

35. Defendant then arrested plaintiff and charged her with DUI (controlled substance).

36. After cuffing plaintiff, plaintiff asked if she could let her work know she would not make it.

37. Defendant refused.

38. Defendant took plaintiff to jail.

39. After bonding out, plaintiff immediately went to the hospital for urine and blood test, which confirmed she was not using drugs.

40. Plaintiff, a school bus driver, was forced to resign.

41. At the time of her arrest, plaintiff had paid into her retirement account for 23 years.

42. Plaintiff was forced to cash it out to live and hire a criminal defense lawyer.

43. Since plaintiff could not afford the rent on her home, plaintiff was forced to move.

44. Plaintiff was forced onto food stamps.

45. The prosecution tried to force plaintiff to take a plea deal.

46. The prosecution refused to turn over the videos.

47. Plaintiff refused to plead guilty to anything.

48. Eventually, based on the verbal request of the prosecution, the charge was dismissed.

49. Defendant acted with malice and reckless indifference to plaintiff's rights.

**Count I – 42 U.S.C. § 1983 – Illegal Stop – Fourth Amendment**

50. As explained above, the identified individual defendant, acting under color of law within the meaning of 42 U.S.C. § 1983, without probable cause or reasonable suspicion, pulled plaintiff over. This individual defendant thereby deprived plaintiff of her rights under the Fourth Amendment to the Constitution of the United States in violation of 42 U.S.C. § 1983. Specifically, he violated plaintiff's right to be free from unreasonable seizure.

51. As a result of the conduct of defendant, plaintiff suffered emotional injuries and damages.

**Count II – 42 U.S.C. § 1983 – Illegal Seizure – Fourth Amendment**

52. As explained above, the identified individual defendant, acting under color of law within the meaning of 42 U.S.C. § 1983, without probable cause or reasonable suspicion, forced plaintiff to perform field sobriety tests. This individual defendant thereby deprived plaintiff of her rights under the Fourth Amendment to the Constitution of the United States in violation of 42 U.S.C. § 1983. Specifically, he violated plaintiff's right to be free from unreasonable seizure.

53. As a result of the conduct of defendant, plaintiff suffered emotional

injuries and damages.

**Count III – 42 U.S.C. § 1983 – False Arrest – Fourth Amendment**

54. As explained above, the identified individual defendant, acting under color of law within the meaning of 42 U.S.C. § 1983, arrested and caused the prosecution of plaintiff for DUI (controlled substance) without probable cause, or arguable probable cause, to believe plaintiff had committed that offense or any other offense. This individual defendant thereby deprived plaintiff of her rights under the Fourth Amendment to the Constitution of the United States in violation of 42 U.S.C. § 1983. Specifically, he violated plaintiff's right to be free from unreasonable seizure.

55. As a result of the conduct of defendant, plaintiff suffered emotional injuries and damages and other losses.

**Count IV – 42 U.S.C. § 1983 – Retaliation – First Amendment**

56. As explained above, the identified individual defendant, acting under color of law within the meaning of 42 U.S.C. § 1983, arrested plaintiff without probable cause and without a warrant and in retaliation for plaintiff's protected speech. Defendant did thereby deprive plaintiff of her rights under the First Amendment to the Constitution of the United States in violation of 42 U.S.C. § 1983. Specifically, defendant violated plaintiff's right to be free from retaliation for exercising plaintiff's free speech rights.

57. As a result of the conduct of defendant, plaintiff suffered emotional injuries and damages and other losses.

**Other Matters**

58. All conditions precedent to the bringing of this suit have occurred.

**Relief Sought**

59. As relief, plaintiff seeks the following:

a. That plaintiff be awarded such compensatory damages as a jury shall determine from the evidence plaintiff is entitled to recover;

b. That plaintiff be awarded such punitive damages as a jury shall determine from the evidence plaintiff is entitled to recover;

c. That plaintiff be awarded prejudgment and postjudgment interest at the highest rates allowed by law;

d. That plaintiff be awarded the costs of this action, reasonable attorney's fees pursuant to 42 U.S.C. § 1988, and reasonable expert witness fees;

e. That plaintiff be awarded appropriate declaratory relief; and

f. That plaintiff be awarded such other and further relief to which plaintiff is justly entitled.

**Dated: October 16, 2026.**

Respectfully submitted,

s/ Henry F. (Hank) Sherrod III

Henry F. (Hank) Sherrod III
No. ASB-1200-D63H
HENRY F. SHERROD III, P.C.
119 South Court Street
Florence, Alabama 35630
Phone: 256-764-4141
Fax: 877-684-0802
Email: hank@alcivilrights.com

Attorney for Plaintiff

**Jury Demand**

Plaintiff requests a trial by jury.

s/ Henry F. (Hank) Sherrod III
Henry F. (Hank) Sherrod III